UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

RECEIVED

DEC 2 7 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MARVIN KEITH ALEXIS JR.

(Enter above the full name of the plaintiff or plaintiffs in this action)

vs.

17cv50396
Judge Frederick J. Kapala
Magistrate Judge Iain D. Johnston

EXPERIAN

EQUIFAX

TRANS UNION

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

CHECK ONE ONLY:

_____ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code (federal defendants)

__X__ OTHER (cite statute, if known) FCRA TITLE 15 USCS 1681

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. Plaintiff(s):

A. Name: MARVIN KEITH ALEXIS JR.

B. List all aliases: ______

C. Prisoner identification number: R-07621

D. Place of present confinement: DIXON CORR. CTR.

E. Address: 2600 N. BRINTON AVE., DIXON, IL. 61021

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. Defendant(s):

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: TRANS UNION

Title: NATIONAL CREDIT REPORTING AGENCY

Place of Employment: ______

B. Defendant: EQUIFAX

Title: NATIONAL CREDIT REPORTING AGENCY

Place of Employment: ______

C. Defendant: EXPERIAN

Title: NATIONAL CREDIT REPORTING AGENCY

Place of Employment: ______

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

## III. Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

YES ( ) NO ( ) If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

YES ( ) NO ( )

C. If your answer is YES:

1. What steps did you take?

2. What was the result?

3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

D. If your answer is NO, explain why not:

N/A

E. Is the grievance procedure now completed? YES ( ) NO ( )

F. If there is no grievance procedure in the institution, did you complain to authorities? YES (X) NO ( )

G. If your answer is **YES**:

1. What steps did you take?

FILED A FORMAL REPORT OF THE CRIME, THE DETAILS, AND MY WILLINGNESS TO PRESS CHARGES TO THE ATTORNEY GENERAL'S OFFICE. FILED A POLICE REPORT W/ DIXON P.D. BY MAIL. SEE EXHIBIT R

2. What was the result?

NO RESPONSE FROM THE DIXON POLICE DEPARTMENT. ATTORNEY GENERAL SENT LETTER EXHIBIT R

H. If your answer is **NO**, explain why not:

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: MARVIN KEITH ALEXIS JR. VS. NEDRA CHANDLER, CURTIS O'NEAL, LARRY JONES - 12 C 50223

B. Approximate date of filing lawsuit: ______

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: MARVIN K. ALEXIS JR.

D. List all defendants: NEDRA CHANDLER, LARRY JONES, CURTIS O'NEAL

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

F. Name of judge to whom case was assigned: ______

G. Basic claim made: DENIAL OF RELIGIOUS SERVICE

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): THE CASE WAS DISMISSED

I. Approximate date of disposition: ______

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

V. STATEMENT OF CLAIM:

Plaintiff, Marvin Alexis, an Illinois state prisoner, has brought this pro-se civil rights action pursuant to 15 U.S.C. 1681 et. seq..

Plaintiff claims that Defendants: Equifax, Experian, and Trans Union, each major credit reporting agencies, refused to disclose to him requested free copy of his credit report, scores and a fraud alert after they were informed numerous times that Plaintiff was a victim of identity theft. Plaintiff's identity has been fraudulent used since the denial of the credit report and fraud alert. Plaintiff claims that this continuous identity theft could have been detected, if not thwarted, if a fraud alert would have been issued, and a credit report would have been issued; Refusal was a negligent non-compliance, and its willful and intentional refusal to make certain disclosures in regards to a consumer credit report and fraud alert is a clear violation of the requirements imposed on it by the Fair Credit Reporting Act, 15 U.S.C. 1681 et. seq..

Such negligent non-compliance, willful and intentional violation subject the Defendants to liability for actual, statutory, and punitive damages, including but not limited to, humiliation,embarrassment, mental distress, cost of action, and reasonable attorney fees, as provided by 15 U.S.C. 1681 n(a)(1)(a), and 1681o.

VI. JURISDICTION

This court has jurisdiction over the Plaintiff's claim of violation of Federal Constitutional rights under 42 U.S.C. 1331 (1) and 1343; and statutory rights under 15 U.S.C. 1681 et. seq..

VII. PARTIES

1). Plaintiff is a citizen of the U.S. and a resident of the state of Illinois. At all times hereto, he was in custody of the Illinois Department of Corrections (IDOC).

2). At all relevant times hereto, Defendant, Equifax, is one of United States major credit reporting agencies within the definition of 15 U.S.C. 1681a(f). Its responsible for providing consumers requesting copies of their credit reports, pursuant to FCRA, which gives consumers rights when they are, or believe they are, the victim of identity theft. And at all times relevant it was acting under the color of state and federal laws. It being sued in its individual and official capacity for injunctive relief.

3). At all relevant times hereto, Defendant, Experian, is one of United States major credit reporting agencies within the definition of 15 U.S.C. 1681a(f). Its responsible for providing consumers requesting copies of their credit reports, pursuant to FCRA, which gives consumers rights when they are, or believe they are, the victim of identity theft. And it all times relevant it was acting under the color of state and federal laws. It is being sued in its individual and official capacity for injunctive relief.

4). At all relevant times hereto, Defendant, Trans Union, is one of United States major credit reporting agencies within the definition of 15 U.S.C. 1681a(f). Its responsible for providing consumers requesting copies of their credit reports, pursuant to FCRA, which gives consumers rights when they are, or believe they are, the victim of identity theft. And at all times relevant it was acting under the

the color of state and federal laws. It is being sued in its individual and official capacity for injunctive relief.

VIII. FACTUAL ALLEGATION

Defendants' actions of refusing to provide Plaintiff with a free copy of his credit report, scores, and fraud alert, after he showed proper identification, including an IDOC Verification of Incarceration, a copy of the U.S. Dept. of Justice letter with Plaintiff's name and facts of being a victim of identity theft, and other proof of Plaintiff's identification (SSN) included in the Verificaiton of Incarceration, is a clear violation of his rights under 15 U.S.C. 1681a,c-1,g(a)(1) of the FCRA. Because of this negligence and non-compliance, it has resulted in continuous undetected identity theft against the Plaintiff resulting in thousands of dollars in damages, and a destroyed credit of Pliantiff.

RELIEF: Wherefore, Plaintiff requests that the court grant the following relief:

A. Defendants, Experian, Equifax, and TransUnion's action of failure to comply with Plaintiff's request for free copy of his credit report and fraud alert, constitues a negligent non-compliance and willful and intentional violation of his rights under the Fair Credit Reporting Act 15 U.S.C. 1681 et. seq..

B. Issue an injunction ordering Defendants and/or its agents to:

1. To provide Plaintiff a copy of his credit report, scores, and to put up a fraud alert.

2. Expunge damages done to Plaintiff's credit as a result of identity theft.

C. Award compensatory damages in the following amounts:
   1. Defendant, Experian, $25,000;
   2. Defendant, Experian, $25,000;
   3. Defendant, TransUnion, $25,000;
   4. The actual damages sustained by identity theft since Defendants' violation;

5. Such amount of punitive and compensatory damages as the court may allow; and,

6. The cost of action with reasonable attorney fees.

STATEMENT OF FACTS

1. On October 24, 2014, The U.S. Dept. of Justice (US DOJ)- Northern District of Georgia- sent Plaintiff a letter to Dixon Correctional Center, where he resides.

2. The US DOJ informed Plaintiff that he was identified by law enforcement as a victim of Aggravated Identity Theft.

3. The US DOJ further stated that the suspect, Qadir Abdul Shabazz, was caught and charged. (Exhibit A)

4. The US DOJ instructed Plaintiff to file a request with the Defendants for a free credit report.

5. The US DOJ also instructed Plaintiff to request that Defendants put a a fraud alert.

6. On October 27, 2014, Plaintiff sent a letter, through the Dixon Correctional Center (Dixon C.C.) institutional mail, to Defendants individuallly, to request a free credit report.

7. Plaintiff also requested to the Defendants individually to put up a fraud alert.

8. Plaintiff informed Defendants that he was a victim of identity theft.

9. Plaintiff enclosed a copy of the letter from the US DOJ, along with his personal information to expedite the process: Full name, date of birth, ssn, incarceration date, projected release date, current address, and alias. (Exhibit B,C,D)

10. Defendant Equifax did not respond to Plaintiff's letter.

11. Plaintiff TransUnion did not respond to Plaintiff's letter.

12. Defendant, Experian, responded to Plaintiff's request.

13. Experian stated that they were unable to locate information about Plaintiff, because he did not provide sufficient identification information for them to verify his identity, or that Plaintiff did not have established a credit history. (Exhibit E)

14. On December 10, 2014, Plaintiff wrote another letter to

Defendants through Dixon C.C. insitutional mail to request a free credit report and a fraud alert. (Exhibit F,G,H)

15. Again, Plaintiff provided the same information that he provided to agencies in October.

16. Defendant, Equifax, did not respond to Plaintiff's letter.
17. Defendant, TransUnion, did not respond to Pliantiff's letter.
18. Defendant, Experian, responded to Plaintiff's request.
19. Experian stated that they were unable to honor Plaintiff's request for a personal credit report because they showed that Plaintiff's current address relates to a correctional institution. (Exhibit I)
20. On July 5, 2015, after learning that Defendants' non-response and outright denial was a violation on FCRA, Plaintiff sent a letter through Dixon C.C. Institutional mail to Defendants. (Exhibit J,K,L)
21. Pliantiff included a copy of his verification of Incarceration, an official I.D.O.C. offender tracking system signed and dated by Ms. Becky Williams, Dixon C.C. Records Office Supervisor. (Exhibit M)
22. The verification of Incarceration sheet contained Plaintiff's name, IDOC register number, date of birth, living unit, holding mittimus custody date, date entered into IDOC custody, dated entered into Dixon C.C., Projected release date from custody, and description of Plaintiff's offense with his indictment number.
23. None of the Defendants responded.
24. On November 7, 2016, while speaking on the phone with his father, Plaintiff was informed that an investigator from a credit agency contacted him in regards to Plaintiff's whereabouts.
25. The investigator informed Plaintiff's father that $5600 was taken out of a credit union and put down on a Pontiac car, all in Plaintiff's name. The investigator contacted Plaintiff's home seeking the remaining balance on the car on behalf of the car dealership.

26. Upon further investigation, Plaintiff found out that from 2014 to current date, Plaintiff's identity has been used, unbeknownst and unauthorized to him, for various purchaes, bills, and utilities.

27.The unknown identity thief is said by investigators to be located somewhere in Alabama and/or southern U.S..

28. On December 6, 2016, Plaintiff sent a letter to Defendants through Dixon C.C. institutional mail. (Exhibit N,O,P)

29. In the letters to the Defendants, Plaintiff explained about the latest Identity Theft, and included the Verification of Incarceration, along with the letter from the US DOJ.

30. Defendant, Experian, did not respond to Plaintiff's letter.

31. Defendant, Equifax, did not respond to Plaintiff's letter.

32. Defendant, TransUnion, responded to Plaintiff's letter.

33. TransUnion stated that based on the information that Plaintiff provided, they were unable to locate a credit report for him. (Exhibit Q)

34. Plaintiff realized, based on research of FCRA violations, that these responses and non-responses from the Defendants have been intentional and constitutes a violation of FCRA.

35. In March 2017, Plaintiff filed charges of Identity theft with Illinois' Attorney General. (Exhibit R)

36. On June 2017, Plaintiff filed charges with the Dixon police department through Dixon institutional mail. Dixon P.D. has not responded to Plaintiff to this date.

## CLAIMS FOR RELIEF

1. Plaintiff asserts that Defendants' refusal to send Plaintiff a personal credit report and put up a fraud alert violates FCRA law.

2. Plaintiff asserts that if Defendants would have put up the fraud alert initially requested for in 2014, both parties would have been alerted when Plaintiff's identity was used after request until current date. The alert would have possibly prevented the extensive damage done to Plaintiff's personal credit record.

3. Plaintiff asserts that Defendants' action stated in complaint, affirms negligent non-compliance, which has resulted into severe damage to Plaintiff's personal credit record, and the continuous unauthorized use of Plaintiff's personal information.

AFFIDAVIT

I, Marvin Alexis, declare under penalty of perjury, that at no time did I ever authorize anyone to use my personal information (social security number, name, birth certificate, etc.) for any reason whatsoever.

signed before me on 5 th day Dec., 2017.

Notary Public

OFFICIAL SEAL
SALLY A. JOOS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Jul 12, 2020